# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICHARD DELAVERN,

        Petitioner,                       Case Number: 07-CV-13293

v.                                         HONORABLE GERALD E. ROSEN

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Richard Delavern is a state inmate currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

## I.

Petitioner pleaded guilty in Midland County Circuit Court to second-degree criminal sexual conduct, cutting a phone line, and felonious assault. On September 14, 2005, he was sentenced as a third habitual offender to four years, ten months to thirty years imprisonment for the criminal sexual conduct conviction, two to four years imprisonment for the cutting a phone line conviction, and two to eight years for the felonious assault conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, claiming: (i) he should be allowed to withdraw his guilty plea because he was not guilty; (ii) the sentencing guidelines were mis-scored; and (iii) mis-scoring the guidelines violated Blakely v. Washington. The Michigan Court of Appeals denied leave to appeal. People v. Delavern, No.

267798 (Mich. Ct. App. February 17, 2006). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals and an ineffective assistance of counsel claim. The Michigan Supreme Court denied leave to appeal. People v. Delavern, No. 130794 (Mich. June 26, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claim:

> The trial court sentenced Petitioner based on allegations underlying charges that had been dismissed as part of Petitioner's plea bargain, to which Petitioner did not admit guilt, and which were never proved. As a result, the trial court increased his minimum sentence from 29 months to 58 months. This violated Petitioner's Sixth Amendment right to a jury trial on those charges and his Fourteenth Amendment right to due process of law. He must be re-sentenced.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

### B.

Petitioner's claim is reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act

"circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See* Wiggins v. Smith, 539 U.S. 510, 520 (2003).

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially

3

indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

## C.

Petitioner claims that he is entitled to habeas corpus relief because the trial court erred in incorrectly scoring offense variables 4, 7, and 11. Petitioner claims this increased his minimum sentence from 29 months to 58 months.

To the extent that Petitioner challenges the scoring of his offense variables under state law, he is not entitled to relief. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, 76 (2005). "[S]tate courts are the ultimate

expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). *See also,* Thomas v. Foltz, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (holding that where petitioner seeks relief on the basis of a trial court's application of state sentencing guidelines, petitioner's claim is not cognizable on habeas review); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures").

Petitioner also cannot prevail on a claim that he is entitled to habeas relief because the trial court increased his sentence in reliance upon facts not found by a jury in violation of the Sixth Amendment and Fourteenth Amendment. *See* Blakely v. Washington, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Michigan has an indeterminate sentencing system for most crimes, including criminal sexual conduct and habitual offender. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also* People v. Drohan, 475 Mich. 140, 160-61 (2006). In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing

5

> does not do so. It increases judicial discretion, to be sure, but not at the expense
> of the jury's traditional function of finding the facts essential to lawful imposition
> of the penalty. Of course indeterminate schemes involve judicial factfinding, in
> that a judge (like a parole board) may implicitly rule on those facts he deems
> important to the exercise of his sentencing discretion. But the facts do not pertain
> to whether the defendant has a legal right to a lesser sentence-and that makes all
> the difference insofar as judicial impingement upon the traditional role of the jury
> is concerned. In a system that says the judge may punish burglary with 10 to 40
> years, every burglar knows he is risking 40 years in jail. In a system that punishes
> burglary with a 10-year sentence, with another 30 added for use of a gun, the
> burglar who enters a home unarmed is entitled to no more than a 10-year
> sentence-and by reason of the Sixth Amendment the facts bearing upon that
> entitlement must be found by a jury.

Blakely, 542 U.S. at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." Apprendi, 530 U.S. at 490. In this case, the statutory maximums for Petitioner's crimes, as a third habitual offender, were as follows: second-degree criminal sexual conduct, up to thirty years imprisonment; felonious assault, up to eight years imprisonment; and cutting a phone line, up to four years imprisonment. The sentencing court did not impose a sentence beyond the statutory maximum. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because Blakely does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's constitutional rights. *See* Minner v. Vasbinder, 2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); Chatman v. Lafler, 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); Jones v. Bergh, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); George v. Burt, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); Walton v. McKee, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Petitioner has thus failed to state a claim upon which habeas relief may be granted.

**III.**

For the reasons stated, Petitioner has failed to show that he is incarcerated in violation of the Constitution or laws of the United States. Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  September 7, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 7, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager
